Barlow, Wood & Co. v. Brock.

---

BARLOW, WOOD & CO. v. BROCK *et al.*

1. **Detinue:** DEMAND: AGENCY. A defendant in an action of detinue upon whom a demand is made for the property before the action is brought by an agent of the plaintiff, cannot object on the trial that such agent did not show or offer to show his authority to make

Barlow, Wood & Co. v. Brock.

the demand, where no such requirement was made of the agent at the time of the demand.

2. —— PRACTICE. An objection in such action that the judgment does not designate and declare plaintiff's title to the property, and is not alternative for the return of the property or its value, cannot be raised in the Supreme Court, where no exception was taken to the judgment upon these grounds in the court below.

3. Practice: DEFENSES NOT PLEADED BELOW. Defenses not pleaded in the court below will not be considered in the Supreme Court.

*Appeal from Madison District Court.*

THURSDAY, JULY 23, 1868.

IN this action, plaintiffs claim in their petition, under Revision, chapter 142, the delivery of certain personal property after judgment, or the value thereof.

The value of the property is stated, and it is averred that plaintiffs are the owners thereof.

The petition also states that the property was taken by defendant Brock, sheriff, upon an attachment issued in a suit brought by defendants Keith & Snell against one Large, and asks judgment against defendants in the words of the petition, as follows: "For the value of said property, thereby giving plaintiffs the same right of choice, and the same appliances to enforce the same, and their rights therein, that a party plaintiff in replevin enjoys."

Defendants answer the petition, putting in issue the material facts alleged. Trial without a jury, and the court found the plaintiffs entitled to the right of possession of the property, and the value thereof at $210, and rendered judgment against Keith & Snell for that sum, who appeal to this court.

*Leonard & Mott* for the appellants.

*H. J. B. Cummings* for the appellee.

BECK, J. — I. In the progress of the trial, plaintiffs proved that, by their agent, they made a demand for the property upon defendant, Brock, before the suit was commenced.

*1. DETINUE: demand: agency.*

The defendants offered to prove by Brock, that, the agent making the demand " did not *show or offer to show or produce any authority to make such demand.*" The court, upon the objection of plaintiffs, did not permit the evidence to go to the jury. This ruling of the court is assigned for error. Without deciding whether a demand was or was not necessary to be proved in order to entitle plaintiff to recover in the action, or whether, if demanded, the agent would be required to produce the authority under which he acted, he certainly was not required so to do until it was demanded. The defendant, failing to require of the agent, at the time, the production of his authority, could not object at the trial that it was not exhibited to him, especially as he did not question the power and authority of the agent to make the demand.

II. Objection is made to the form of the judgment, in that it does not designate and declare plaintiffs' right to the property, and is not alternative for the property or its value, etc.

*2. —— practice.*

No exception appears to have been taken to the judgment upon these grounds.

The objection cannot therefore be now considered.

III. It is claimed that the judgment against Keith & Snell is erroneous because it does not appear from the pleadings or evidence that they had, at any time, possession of the property, or had knowledge of its ownership, or that it had been levied upon by the sheriff, or that any demand was made upon them for the property, etc., etc. These matters may have been a proper defense to the action and probably could have been raised, either upon demurrer or answer

*3. PRACTICE: defenses not pleaded below.*

to the petition. But, not having been so raised, they cannot be urged for the first time in this court.

Affirmed.